**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRYON BUFFTON, | : | CIVIL ACTION NO. **3:CV-05-0683** |
| Plaintiff | : | (Judge Conaboy) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL GREEN, et al., | : | |

## REPORT AND RECOMMENDATION

The Plaintiff, an inmate at the State Correctional Institution at Houtzdale, Pennsylvania ("SCI-Houtzdale"), filed this action on April 5, 2005, pursuant to 42 U.S.C. §1983. He has submitted an affidavit in support of a request to proceed *in forma pauperis,* which for present purposes will be deemed sufficient. (Doc. 7).

The Plaintiff alleges that after his incarceration and his correction Plan was established, the Pennsylvania Parole Board and his prison unit counselor (Defendant Charles White) at SCI-Houtzdale added another requirement to his Plan, namely a therapy program. The Plaintiff claims that by mandating his attendance at the therapy program, the prison is violating his constitutional rights, since during the program, he must admit to his convicted offenses and since the sentencing court did not order his attendance in the program as part of his sentence. The Plaintiff contends that his punishment is being improperly enhanced.

The State Correctional Institution at Houtzdale is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. The named unit counselor Defendant is an employee at SCI-Houtzdale and is located in the Western District of Pennsylvania.[1] The Plaintiff is located in the Western District of Pennsylvania, and his present

---

1.   The other named Defendant, Michael Green, Acting Secretary of the Pennsylvania Parole Board, may be impermissibly named since *respondeat superior* is not a basis to impose liability in a § 1983 action.  *See Rizzo v. Goode*, 423 U.S. 367 (1976).

claims with respect to his attendance in a therapy program at the prison arise in the Western District of Pennsylvania while the Plaintiff was located in this District . (Doc. 1, ¶ 5.).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a).  28 U.S.C. §1391(b) provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action  may otherwise be brought.

Defendant White is located in the Western District of Pennsylvania.  The Plaintiff's claims arose in that district and relate to a condition of parole imposed at the prison.  Therefore, the action could have been brought there in the first instance.  Venue is properly in the Western District of Pennsylvania.  Accordingly, the present action should be transferred to the United States District Court for the Western District of Pennsylvania for the convenience of the parties and in the interests of justice.

Based on the foregoing, it is respectfully recommended that the action be transferred to the United States District Court for the Western District of Pennsylvania.  It is further recommended that the disposition of the Plaintiff's request to proceed <u>in forma pauperis</u> be left to the transferee court's discretion.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 22, 2005**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRYON BUFFTON, | : | CIVIL ACTION NO. **3:CV-05-0683** |
| Plaintiff | : | (Judge Conaboy) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL GREEN, et al., | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 22, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                   **s/ Thomas M. Blewitt**
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: April 22, 2005**